1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIRANDA ALLEN as guardian on behalf
of minor J.M.,

                  Plaintiffs,

    v.

MARTIN BARRATT,

                 Defendants.

CASE NO. 2:23-cv-00474-TL

ORDER ON MOTION TO
CONTINUE DISCOVERY

       This matter is before the Court on Defendants' Motion to Continue Discovery Deadlines. Dkt. No. 17. Having considered Plaintiffs' opposition (Dkt. No. 19), Defendants' reply (Dkt. No. 23), and the relevant record, the Court DENIES Defendants' motion.

## I.    BACKGROUND

       This matter arises from a 2019 automobile collision. Plaintiffs allege that on or about June 16, 2019, Defendant Martin Barratt crashed into Plaintiff Miranda Allen's stopped vehicle, causing it to crash into the vehicle directly in front of it. *See* Dkt. No. 1-1 ¶¶ 3.1–3.5. Plaintiff

Allen sustained substantial and permanent injuries, and Plaintiff J.M., a passenger in Plaintiff

Allen's vehicle, also sustained injuries. *Id.* ¶¶ 6.2, 6.6.

On May 25, 2022, Plaintiffs commenced a lawsuit in Skagit County Superior Court,

bringing claims for negligence and recklessness under Washington State law. *See* Dkt. No. 1 at

1–2; Dkt. No. 1-1 ¶ 4.3. Defendant Martin Barratt timely removed the action to this Court. Dkt.

No. 1.

Following removal, the Court set a trial date in June 2024 and a pretrial schedule that set

discovery to close on January 17, 2024. Dkt. No. 13. In March 2024, after the close of discovery,

the Parties filed a stipulated motion to continue trial and reopen discovery (Dkt. No. 14), which

the Court granted (Dkt. No. 15). In its Order, the Court noted:

> Pursuant to this Court's Standing Order for All Civil Cases, which
> counsel for all Parties certified that they reviewed (Dkt. No. 12 at
> 7), motions for extensions of time are required to be filed at least
> three business days in advance of the expiration of the relevant
> deadline. The Parties' request to continue the pretrial deadlines in
> this matter is therefore several months past due. The Court will not
> entertain any future requests for extension of deadlines that have
> already passed unless the Parties set forth an extraordinary basis
> for doing so.

Dkt. No. 15 at 2 (internal citation omitted). Pursuant to the Parties' stipulation, the Court reset

trial to begin on June 2, 2025 and set discovery to close on January 3, 2025. Dkt. No. 16.

On December 19, 2024, Defendants filed the instant motion to extend the discovery

deadlines. Dkt. No. 17. Plaintiffs oppose. Dkt. No. 19.

## II.    LEGAL STANDARD

Defendants' request to amend the case management schedule is governed by Federal

Rule of Civil Procedure 16(b)(4), which requires a showing of good cause. Similarly, good cause

is required to change pretrial disclosure deadlines. Fed. R. Civ. P. 26(a)(3)(b). The decision to

modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

When considering whether to reopen discovery, district courts look at the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM North Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)). The Court "primarily considers the diligence of the party seeking the amendment" in applying the good cause standard. *Johnson*, 975 F.2d at 609. If a party has acted diligently yet still cannot reasonably meet the scheduled deadlines, the Court may assert its discretion to modify its scheduling order. *Id.*

### III.    DISCUSSION

Defendants argue that an extension of the discovery deadline—and reopening expert discovery—is needed in order to conduct full discovery into Plaintiffs' expert witnesses and continued treatment for injuries. Dkt. No. 17 at 4. Defendants characterize discovery in this case as "a moving target that refuses to be pinned down," arguing that Plaintiff Allen "has engaged in a recent flurry of treatment and expert witness reports after <u>over three years without treatment</u>." *Id.* at 6 (emphasis in original). Plaintiffs contend that their expert reports were timely disclosed within the court ordered deadline, and that "[n]one of Plaintiff [Allen]'s injuries, complaints, or ongoing problems are new." Dkt. No. 19 at 4–5.

1    Trial in this case is set for June 2, 2025, five months to the day after the noting date for

2    the instant motion, and Plaintiffs have opposed Defendants' request. Dkt. No. 16 (setting trial

3    date); Dkt. No. 19 (Plaintiffs' response in opposition). Plaintiffs would be prejudiced, at least to

4    some extent, by diverting resources from preparation for trial to comply with Defendants'

5    requests, which include retaining additional rebuttal expert witnesses and producing expert

6    reports, deposing Plaintiffs' expert witnesses, deposing Plaintiff a second time, and seeking

7    additional medical records from Plaintiff. Dkt. No. 17 at 4; *see Ingenco Holdings, LLC v. Ace*

8    *Am. Ins. Co.*, No. C13-543, 2019 WL 6327572, at *1 (W.D. Wash. Nov. 26, 2019) (determining

9    that defendant would be prejudiced by reopening of discovery where trial was set to occur in

10    ninety days and defendant opposed the request).

11    Further, Defendants do not show that they were diligent in obtaining the discovery they

12    seek. In support of their argument, Defendants contend that they "received updated medical

13    records on October 3, 2024, expert reports from Drs. Singh and Keylard on November 4, and the

14    expert report from John Fountaine on November 11." Dkt. No. 17 at 7. But the deadline for

15    Plaintiffs to provide expert reports was November 4, 2024—meaning that Plaintiffs provided the

16    expert reports for Drs. Singh and Keylard on time. *See* Dkt. No. 16. While Plaintiffs admit that

17    their expert report for Mr. Fountaine was provided one week late, they "agreed to also allow

18    Defendant[s' expert] reports to be submitted one week late, and Mr. Fountaine was promptly

19    made available for deposition." Dkt. No. 19 at 5. Defendants do not dispute this representation.

20    *See* Dkt. No. 23. A weeklong delay for a single expert report is not sufficient to explain why

21    Defendants were unable to obtain rebuttal expert witnesses by the December 4, 2024 deadline for

22    rebuttal expert disclosures (*see* Dkt. No. 16), even in light of the holiday season and weather-

23    related incident Defendants cite (Dkt. No. 18 at 4). Nor do Defendants explain why they were

24    unable to file a motion for an extension or a motion challenging the "late" disclosure by

1    December 4, the deadline for discovery motions. Dkt. No. 16. In short, Defendants' actions do

2    not support a showing that Defendants were diligent in obtaining the sought expert discovery or

3    seeking an extension of time to do so.

4         Defendants additionally argue that Plaintiffs' "seeking and receiving" of "a flurry of new

5    medical treatment" warrants reopening discovery, citing to Plaintiffs' October 2024 disclosure

6    that Plaintiff Allen "had recently been treated for additional symptoms, including tinnitus,

7    dizziness, and neck pain." Dkt. No. 17 at 2–3. But Plaintiffs produced discovery as early as

8    August 2022 indicating that Plaintiff Allen "*continued*" to suffer from headaches and neck and

9    shoulder pain. Dkt. No. 21-1 at 2–3 (emphasis added). And Plaintiffs' expert Dr. Wright—whose

10   report was produced to Defendants in November 2023—noted that Plaintiff Allen suffered from

11   tinnitus. Dkt. No. 21-4 at 2; *see also* Dkt. No. 19 at 7. None of the symptoms to which

12   Defendants point appear to be new, and all appear to have been disclosed to Defendants in either

13   2022 or 2023—well before the close of discovery.

14        While Defendants contend that Plaintiffs did not disclose that Plaintiff Allen sought

15   *treatment* for these symptoms until October 3, 2024, that was still one month before the expert

16   disclosure deadline, two months before the discovery motions deadline, and three months before

17   the close of discovery in January 2025. Again, Defendants offer no justification for their failure

18   to conduct discovery into these new treatments in the time available to them or for not raising the

19   issue before the discovery motions deadline of December 4. Dkt. No. 23 at 1–2. Further,

20   Defendants knew that Plaintiff Allen suffered from tinnitus, dizziness, and neck pain as early as

21   2022; it was therefore foreseeable that Plaintiff Allen would possibly seek treatment for these

22   symptoms and that Defendants may need to conduct discovery into such treatment. Defendants'

23   failure to seek discovery regarding these treatments is a failure of diligence, not a showing of

24   good cause to reopen discovery.

Thus, while the requested discovery is likely to provide relevant evidence, all of the other *City of Pomona* factors weigh against reopening discovery. Defendants remain free to cross-examine Plaintiff at trial about any delay in receiving treatment.

### IV.    CONCLUSION

Accordingly, Defendants' Motion to Continue Discovery Deadlines (Dkt. No. 17) is DENIED.

Dated this 3rd day of February 2025.

Tana Lin
United States District Judge