UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIRANDA ALLEN, an individual; and J.M., a minor child, by and through his parent, MIRANDA ALLEN,<br><br>      Plaintiffs,<br> v.<br><br>MARTIN BARRATT and J. DOE BARRATT, husband and spouse and marital community composed thereof,<br><br>      Defendants. | CASE NO. 2:23-cv-00474-TL<br><br>ORDER ON MOTIONS IN LIMINE |

  This matter is before the Court on the Parties' motions *in limine*. Dkt. Nos. 38, 40. Having considered the Parties responses (Dkt. Nos. 47, 48) and the relevant record, the Court GRANTS in part, DENIES in part, and RESERVES RULING in part on the motions *in limine* as explained below.

## I. BACKGROUND

This is a personal injury case arising out of a rear-end, chain-reaction vehicle accident in 2019. *See* Dkt. No. 101 ¶¶ 3.1–3.5. Plaintiffs allege that, on or about June 16, 2019, Plaintiff Allen was driving northbound on Interstate 5 in Skagit County, Washington, with Plaintiff J.M. as a passenger in her vehicle. *See id.* While Plaintiff's vehicle was stopped in traffic, Defendant Martin Barratt, also driving northbound on Interstate 5, rear-ended Plaintiff Allen's vehicle, "caus[ing] Plaintiff Allen's vehicle to crash into the rear of the vehicle directly in front of them." *Id.* ¶ 3.5. As a result of the accident, Plaintiff Allen allegedly sustained substantial and permanent injuries, and Plaintiff J.M. also sustained injuries. *Id.* ¶¶ 6.2, 6.6.

Defendant removed this case to federal court on the basis of diversity jurisdiction. Dkt. No. 1. This case is scheduled for a jury trial on the issue of damages arising from Plaintiff Allen's injuries beginning on June 2, 2025. Dkt. No. 16 (order setting jury trial date). In advance of trial, the Parties filed their respective motions *in limine* (Dkt. Nos. 38, 40) and have responded to each other's motions (Dkt. Nos. 47, 48). The Court shared its preliminary rulings on the motions *in limine* and heard the Parties' oral argument during the pre-trial conference held on May 23, 2025. Dkt. No. 54. The motions are now fully briefed, argued, and before the Court for its consideration.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area . . . so that admissibility is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009) (citation omitted). While the Federal Rules of Evidence ("FRE") do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence

at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *E.g.*, *United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *E.g.*, *Westboro Condo. Ass'n v. Country Cas. Ins. Co.*, No. C21-685, 2023 WL 1928170, at *1 (W.D. Wash. Feb. 10, 2023). A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (noting a court may change its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

### III.    DISCUSSION

Because many of the Parties' motions *in limine* reference Federal Rules of Evidence ("FRE") 401, 402, and 403, the Court lays out the three rules here:

> **FRE 401.    Test for Relevant Evidence**
> Evidence is relevant if:
> (a)    it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b)    the fact is of consequence in determining the action.
>
> **FRE 402.    General Admissibility of Relevant Evidence**
> Relevant evidence is admissible unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.
>
> Irrelevant evidence is not admissible.
>
> **FRE 403.    Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In short, evidence is generally admissible at trial if it is relevant, unless the probative value of such evidence is substantially outweighed by such unwanted dangers as unfair prejudice or misleading the jury. "Unfair prejudice" means "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

### A.    Plaintiff's Motions *in Limine*

Plaintiff Allen brings 27 motions *in limine*. Dkt. No. 38. The Court's ruling on Plaintiff's motions are as follows:

| # | Motion | Ruling | Reasoning |
|---|--------|--------|-----------|
| 1 | Exclusion of evidence, argument, inference, or suggestion concerning the right of Plaintiff's counsel to meet with treating providers | Granted in part / Denied in part | Defendant represents he has no intention of arguing that Plaintiff had an "advantage" in being able to speak with her treatment providers while Defendant did not. Dkt. No. 47 at 2. The motion is therefore stipulated and granted to this extent.<br><br>Defendant argues that the substance of Plaintiff's counsel's communications with Plaintiff's treating providers, along with any potential biases they might reflect, are relevant and admissible in helping the jury determine these witnesses' credibility. Dkt. No. 47 at 2. The Court agrees that evidence suggesting bias by a treating physician is relevant and admissible under FRE 401, 403.<br><br>However, the Court is prepared to restrict the scope of such questioning during trial, if needed. |
| 2 | Exclusion of reference to discovery disputes | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |

| | | | |
|---|---|---|---|
| 3 | Limitation on expert witness testimony to conform to their opinions as disclosed during discovery and to conform to each expert's area of expertise | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 4 | Exclusion of undisclosed or newly disclosed evidence | Granted | Stipulated with the exception of impeachment evidence. *See* Dkt. Nos. 41, 47. |
| 5 | Exclusion of evidence, argument, suggestion, or inference regarding how any of the Defendant or its counsel "feel" about this incident or the Plaintiff's injuries | Granted in part / Reserved in part | Defendant represents that he does not intend to offer any testimony or evidence specifically regarding how he "feels" about the incident. Dkt. No. 47 at 3. The motion is therefore stipulated and granted to this extent.<br><br>Plaintiff further seeks an order "prohibiting testimony, or offering evidence, of statements of witnesses concerning how the [D]efendants or their attorneys feel or how they have been emotionally affected by this incident or the Plaintiff's injuries," as such comments "would be designed only to create sympathy for the [D]efendant." Dkt. No. 38 at 4. To the extent that this motion seeks to exclude any evidence regarding how Defendant's counsel "feels" about the incident, it is granted, as such evidence is irrelevant.<br><br>As the jury will be instructed not to make a decision based on sympathy, *see* Manual of Model Civil Jury Instructions 1.2 (9th Cir. 2017), comments "solely designed to evoke sympathy" for the defendant will be irrelevant under FRE 401. However, as the "suggestion" or "inference" of Defendant's feelings about the incident or Plaintiff's injuries may naturally arise over the course of any testimony by Defendant, the Court will reserve ruling as to any specific questions or argument, which will be addressed on a case-by-case basis as raised. |
| 6 | Order that general damages are not to be | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |

| | | | |
|---|---|---|---|
| | | | reduced to present value | | |
| 7 | Exclusion of collateral sources | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 8 | Exclusion of discussion juxtaposing the Plaintiff's request for damages and a "windfall," "winning the lottery," "getting rich," "hitting the jackpot," or similar politically charged terminology | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 9 | Exclusion of any discussion, inference, suggestion, argument, or evidence regarding employment of attorneys or the terms of engagement of attorneys | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 10 | Exclusion of any evidence, argument, or suggestion concerning the emotional impact of this litigation on the Plaintiff's medical condition | Granted | Defendant represents that he does not intend to introduce evidence or argument that Plaintiff's claimed symptoms are attributable to this litigation. Dkt. No. 47 at 3. The motion is therefore stipulated and granted to this extent |
| 11 | Order precluding cross-examination questions lacking foundation | Denied | Plaintiff seeks an order "prohibiting the asking of questions on cross-examination that lack a foundation," and requesting that the Court implement a procedure for resolving such objections: "the court should require counsel questioning the witness to immediately identify the foundation for that question and, if counsel is unable to do so, that the court immediately instruct the jury that the objection is sustained and to disregard any inference from the nature of the question." Dkt. No. 38 at 8. |

| | | | |
|---|---|---|---|
| | | | "The purpose of a motion in limine is not to obtain a generic ruling that the parties must follow the rules of evidence and civil procedure," or that they must abide by well-established precedent. *Droplets, Inc. v. Yahoo! Inc.*, No. C12-03733, 2022 WL 2670188, at *5 (N.D. Cal. Feb. 28, 2022); *see also United States v. Pilisuk*, No. CR22-001, 2023 WL 576523, at *5 (W.D. Wash. Jan. 27, 2023) (striking defendant's motion *in limine* "as unnecessary, as it simply asks the Government to follow the rules of evidence, which all counsel are expected to do as officers of the Court"). <br><br> To the extent that Plaintiff wishes to challenge specific questions or testimony as lacking foundation during trial, she may do so. |
| 12 | Order precluding parties, counsel, and their agents or representatives from providing the text or content of the trial transcripts to any non-party lay witnesses until after the close of trial | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 13 | Exclusion of reference to motions *in limine* | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 14 | Exclusion of any argument or reference to medical conditions not in controversy | Granted in part / Reserved in part | Defendant represents that he does not intend to offer evidence or testimony regarding reproductive issues. Dkt. No. 47 at 3. The motion is therefore stipulated and granted to that extent. <br><br> To the extent that Plaintiff wishes to exclude argument or reference to additional medical conditions, the Court reserves ruling. It is possible that medical conditions not in controversy may be relevant, such as if they exacerbate or influence symptoms of medical conditions that are in controversy. |

| 15 | Exclusion of reference to Plaintiff's tax return schedules | Granted | Defendant represents that he does not intend to offer tax returns as evidence. Dkt. No. 47 at 4. The motion is therefore stipulated and granted. |
|---|---|---|---|
| 16 | Exclusion of reference to insurance rates | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 17 | Exclusion of reference to intervening / superseding causes | Denied | Plaintiff argues that Defendant failed to plead intervening/superseding cause as an affirmative defense to this matter, and therefore should not be permitted to allege that Plaintiff's post-collision conditions were caused by anything other than the subject condition. Dkt. No. 37 at 9. Other courts have held that even where a defendant does not plead the affirmative defense of superseding cause, he or she may present other "possible" causes of the plaintiff's injury in order to attempt to convince the trier of fact that he or she was not the cause of the plaintiff's injury. *See, e.g., Johnson v. Carbon*, 63 Wn. App. 294, 296–97 (Wash. Ct. App. 1991); *Kline v. Zimmer, Inc.*, 79 Cal. App. 5th 123, 133 (Cal. Ct. App. 2022) (relying on *Wilder v. Eberhart*, 977 F.2d 673, 677 (1st Cir. 1992)). <br><br> Accordingly, while Defendant will not be permitted to argue an intervening/superseding cause, he will be permitted to offer testimony as to other possible causes of Plaintiff's injury. Plaintiff's motion is therefore denied. |
| 18 | Exclusion of reference to taxation | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 19 | Exclusion of opinions or belief that expert and lay witnesses are lying, or that their testimony is untruthful | Granted | It is the exclusive function of the jury to weigh evidence and determine credibility. *See State v. Alexander*, 64 Wn. App. 147, 154 (Wash. Ct. App. 1992). Accordingly, testimony or argument regarding whether witnesses are lying or being untruthful will not be permitted. <br><br> Defendant argues that his medical expert "must be allowed to testify regarding his medical opinions, including whether Plaintiff's testimony is unsupported by established medical principles and Plaintiff's own medical records." Dkt. No. 47 at 6. While Defendant's |

| | | | expert witness may testify as to whether he believes Plaintiff's testimony is supported by established medical principles and her own medical records, he will not be permitted to testify as to his belief regarding the *truthfulness* of Plaintiff's testimony. |
|---|---|---|---|
| 20 | Exclusion of reference to judgment | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 21 | Exclusion of failure to call a witness | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 22 | Exclusion of reference to fault on behalf of Plaintiff | Granted in part / Denied in part | As written, Plaintiff's requested order is overly broad: it seeks to prohibit Defendants from "referencing, suggesting, arguing, eliciting testimony or offering evidence concerning the fault of, or contributing fault to, Plaintiff, including that Plaintiff breached a duty to herself and/or caused delay." Dkt. No. 37 at 11. Plaintiff argues that such evidence would amount to an attempt to show contributory negligence. Defendant represents that he "does not intend to argue plaintiff bears any fault for being rear-ended." Dkt. No. 47 at 7. The motion is therefore stipulated and granted to that extent. To the extent that Plaintiff seeks to preclude Defendant from offering argument or testimony regarding, for example, other possible causes of Plaintiff's injury unrelated to the actual collision but which may be attributable to Plaintiff or that Plaintiff failed to mitigate her damages (*see* Dkt. No. 42 at 2), the motion is denied. *See supra* Plaintiff's #17. |
| 23 | Exclusion of any evidence, argument, inference or suggestion concerning Plaintiff's religious beliefs or lack thereof | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 24 | Exclusion of expert testimony lacking proper medical foundation | Denied | Plaintiff seeks an order excluding "'expert' testimony that does not first have a proper medical foundation for that opinion." Dkt. No. 37 at 14. |

| | | | |
|---|---|---|---|
| | | | Motions challenging expert witness testimony were due on February 3, 2025. Dkt. No. 16. |
| | | | Further, the Court declines to issue an order reiterating what is already required of the Parties: that expert witnesses be qualified by knowledge, skill, experience, training, or education. Fed. R. Evid. 703; *see also* Judge Tana Lin, Standing Order for All Civil Cases, Section III.H (last updated Nov. 1, 2024) ("Parties are discouraged from filing motions *in limine* that . . . merely ask the Court to apply the Federal Rules of Evidence in the absence of an unusual issue."). *See also* Plaintiff's MIL 11. |
| | | | To the extent that Plaintiff wishes to challenge specific expert testimony as lacking foundation during trial, she may do so. |
| 25 | Exclusion of Plaintiff's sexual history, including pregnancy and related health issues or procedures | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |
| 26 | Exclusion of reference to failure to mitigate | Denied | Plaintiff asserts that "Defendants have admitted at this time there is no basis in fact for [an allegation that Plaintiff failed to mitigate her damages]." Dkt. No. 37 at 16. But Defendant explicitly "reserve[d] the right to introduce evidence to establish plaintiff failed to mitigate her damages." Dkt. No. 42 at 2. Plaintiff's cited authority, *Cox v. Keg Restaurants U.S. Inc.*, 86 Wn. App. 239, 244, 935 P.2d 1377 (Wash. Ct. App. 1997), does not support barring Defendant from introducing evidence as to mitigation. As Plaintiff herself points out, the error in that case was submitting the mitigation issue to the jury, not allowing the evidence to be introduced to the jury. Dkt. No. 38 at 17 ("**The court therefore erred in submitting the mitigation issue to the jury.**") (quoting *Cox*, 86 Wn. App. at 246) (boldface in Plaintiff's briefing). |

| 27 | Order prohibiting attempts to pass blame to empty chair parties | Granted | Stipulated. *See* Dkt. Nos. 41, 47. |

B.     **Defendant's Motions** *in Limine*

Defendant brings 30 motions *in limine*. Dkt. No. 40. The Court's ruling on Plaintiff's motions are as follows:

| # | Motion | Ruling | Reasoning |
|---|--------|--------|-----------|
| 1 | Exclusion of references to litigation settlement discussions | Granted. | Stipulated, with the exception that it will need to be addressed to the jury that minor plaintiff J.M.'s claims have been resolved prior to trial. *See* Dkt. No. 41. |
| 2 | Exclusion of references to other lawsuits, claims, or actions against Defendant | Granted | Plaintiff represents that she "does not intend to introduce any evidence of other lawsuits, claims or actions against Defendants except for the purpose of impeachment during Defendants' testimony." The motion is therefore stipulated and granted to that extent.<br><br>Plaintiff may be permitted to respond appropriately if Defendant "opens the door" to references to other lawsuits, claims, or actions against Defendant or affiliated entities. |
| 3 | Exclusion of undisclosed witness testimony | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 4 | Exclusion of undisclosed evidence | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 5 | Exclusion of undisclosed expert opinions | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 6 | Exclusion of arguments, suggestions, | Granted | Stipulated. *See* Dkt. Nos. 41, 48. |

| | | | |
|---|---|---|---|
| | | | references, or inferences to the effect that the jury should punish, "send a message," or "make an example" of Defendant | | |
| 7 | Exclusion of references to discovery disputes | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 8 | Exclusion of references to witnesses who are absent, unavailable, not called to testify or otherwise not participating in the trial | Granted | Stipulated. *See* Dkt. Nos. 41, 48; *see also* Plaintiff's #21. |
| 9 | Exclusion of references to motions *in limine* | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 10 | Exclusion of references to Defendant's financial status | Granted | Stipulated. *See* Dkt. Nos. 41, 48. |
| 11 | Exclusion of reference to Plaintiff's "good character" | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. The Court clarifies that testimony regarding Plaintiff's personality, work ethic and ability to work prior to the collision, will be permitted. |
| 12 | Exclusion of reference to the expenses of litigation | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 13 | Exclusion of testimony constituting medical conditions by lay witnesses | Granted in part / Reserved in part | The Parties agree that lay witnesses in the instant case may describe their first-hand observations of Plaintiff's behavior and appearance. *See* Dkt. No. 40 at 6; Dkt. No. 48 at 5. The motion is therefore stipulated and granted to that extent. While Washington courts have permitted testimony regarding observations of others' |

| | | | |
|---|---|---|---|
| | | | pain and suffering, testimony as to the causation of a physical injury or condition is limited to expert witnesses. *See Bitzan v. Parisi*, 88 Wn.2d 116, 121–22, 558 P.2d 775 (1977); *Harris v. Groth*, 99 Wn.2d 438, 663 P.2d 113 (1983). Accordingly, lay witnesses will be permitted to testify regarding their observations of Plaintiff's pain and suffering, but may not label observations with any diagnoses or opine as to the causes of those conditions.<br><br>The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |
| 14 | Exclusion of arguments that the jury should use any standard other than what is instructed by the Court to decide damages | Granted in part / Reserved in part | Plaintiff represents that she "will make no attempt to tell the jury they should not follow the damages instructions as given by this Court." The motion is therefore stipulated and granted to that extent.<br><br>Defendant argues that the Court should prohibit any argument or inference that "ask[s] jurors to act as the community's conscience and use their verdict to send a message." Dkt. No. 40 at 7. Plaintiff argues that this motion attempts to prevent her from arguing her case, and that Washington tort law seeks to prevent future harm to others. *See* Dkt. No. 48 at 8.<br><br>Washington courts allow appeals to the community conscience "unless the statement[s are] designed to inflame the jury." *Univ. of Wash. v. Gov't Employees Ins. Co.*, 200 Wn. App. 455, 480, 404 P.3d 559 (2017). However, "golden rule" arguments, which "encourage[] the jury to 'depart from neutrality and to decide the case on the basis of *personal* interest and bias rather than on the evidence,'" are not permitted. *Miller v. Kenny*, 180 Wn. App. 772, 817, 325 P.3d 278 (Wash. Ct. App. 2014) (emphasis in original) (quoting *Adkins v. Alum. Co. of Am.*, 110 Wn.2d 128, 139, 750 P.2d 1257 (1988)). In *Miller*, for example, the Court noted that an attorney's argument about "how we, as a community, |

| | | | |
|---|---|---|---|
| | | | want to be treated" was close to the line separating community conscience arguments, which are permitted, and golden rule arguments, which are not, but ultimately determined that the argument "did not appeal to juror self-interest; rather, [it] appealed to the jurors' interest as members of the public." *Id.* |
| | | | Accordingly, the Court declines to bar "community conscience" arguments by Plaintiff, but cautions Plaintiff that in doing so, she may not make arguments appealing to juror self-interest. The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |
| 15 | Exclusion of references to the economic value of tangible objects | Denied as moot | Defendant seeks an order prohibiting "any argument or suggestion from Plaintiff's Counsel referencing the economic value of various tangible objects not at issue in this case." Dkt. No. 40 at 11. Plaintiff argues that the Parties' agreed voir dire questions "directly ask jurors to wrestle with economic values of items." Dkt. No. 48 at 10. |
| | | | As the Court discussed above, Washington courts do not permit arguments that appeal to juror self-interest. *See supra* Defendant's #14. Relatedly, arguments "which appeal[] to the jurors to place themselves in the position of a litigant and to decide the case based upon what they would then want under the circumstances" are not permitted. *Adkins*, 110 Wn.2d at 140. However, Defendant presents no case law, indicating that Washington courts wholly bar arguments referencing the economic value of tangible objects. |
| | | | Accordingly, the Court declines to bar "stealth bomber" arguments by Plaintiff, but cautions Plaintiff that in doing so, she may not make arguments appealing to juror self-interest. The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |

| | | | | |
|---|---|---|---|---|
| 1 | | | | For the reasons discussed at the pretrial conference, this motion is denied as moot. |
| 2 | 16 | Exclusion of attorneys' personal beliefs | Denied | Defendant seeks to prohibit Plaintiff's counsel from making argument "based on personal beliefs." Dkt. No. 40 at 12. Plaintiff argues that this is an improper attempt to control the manner in which Plaintiff's counsel conducts argument. Dkt. No. 48 at 10. |
| | | | | The Washington Rules of Professional Conduct prohibit attorneys from "assert[ing] personal knowledge of facts in issue except when testifying as a witness, or stat[ing] personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused." RPC 3.4(e); *see also State v. Reed*, 102 Wn.2d 140, 145, 684 F.2d 699 (1984). |
| | | | | The Court declines to issue an order reiterating what is already required of the Parties: that counsel not improperly assert personal knowledge of facts or their personal opinion as to the credibility of witnesses, witnesses' veracity, or the culpability of Defendant. To the extent that Defendant wishes to challenge specific questions or argument as improperly asserting personal beliefs, he may do so. |
| | 17 | Limit Plaintiff's rebuttal case to a "true rebuttal" | Granted in part / Reserved in part | Defendant seeks an order limiting Plaintiff's rebuttal case to a "true rebuttal." Dkt. No. 40 at 12–13. Plaintiff represents that she "has no intention of attempting to lay her case in chief somewhere in a 'surprise' rebuttal." Dkt. No. 48 at 12. The motion is therefore stipulated and granted to that extent. |
| | | | | To the extent that Defendant seeks to limit Plaintiff's ability to re-call expert witnesses on rebuttal, the Court declines to issue such an order. As the Parties are aware, "[g]enuine rebuttal evidence is not simply a reiteration of evidence in chief but consists of evidence offered in reply to new matters," although it will frequently, to some degree, |

|  |  |  |  | "overlap or coalesce with the evidence in chief." *State v. White*, 74 Wn.2d 386, 394–95, 444 P.2d 661 (1968). In the absence of any specific evidence Defendant seeks to prohibit, the Court declines to issue Defendant's requested order. *See* Judge Tana Lin, Standing Order for All Civil Cases, Section III.H (last updated Nov. 1, 2024) ("Parties are discouraged from filing motions *in limine* that do not identify specific evidence or exhibits to be excluded [and] that request relief at a high level of generality."). |
|---|---|---|---|---|
|  |  |  |  | To the extent that Defendant wishes to challenge specific evidence or argument made on rebuttal as improperly reiterating the case-in-chief, he may do so. |
|  | 18 | Exclude non-party witnesses before testifying | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
|  | 19 | Provide 24-hour notice of witnesses to be called at trial | Denied | Defendant requests that "the parties should be required to advise opposing counsel of witnesses who will be called, by the end of the preceding court day." Dkt. No. 40 at 14. While Plaintiff does not oppose prior notice, Plaintiff requests that the Parties provide notice of the next day's witnesses no later than 8:00 p.m. the night before, consistent with the Court's Trial Procedures for All Civil Cases, Section I.F. |
|  |  |  |  | In the absence of an agreement among the Parties, the Court declines to depart from its standard trial procedures. |
|  | 20 | Prohibit voir dire questioning regarding the ability to award a specific amount of or commit to Plaintiff's view of the case | Granted in part / Denied in part | Defendant seeks to prohibit Plaintiff from asking questions in voir dire regarding jurors' ability to award a specific dollar amount or whether they can commit to a particular view of the case. Dkt. No. 40 at 14. This is not a proper motion *in limine*, but an objection to potential questioning on voir dire. |
|  |  |  |  | Nonetheless, the Court appreciates Defendant raising an issue in advance to |

ORDER ON MOTIONS IN LIMINE - 16

|    |                                                                                                                                                                                 |                          |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                                                                                                                                                                                 |                          | avoid potentially prejudicing a jury pool and to expedite the voir dire process. |
|    |                                                                                                                                                                                 |                          | The Court notes that "parties do not commit potential jurors to a verdict by presenting hypothetical facts and asking general hypothetical questions without implicating the unique facts of the case." *State v. Heeren*, 20 Wn. App. 2d 1078, 2022 WL 456172, at *5 (Wash. Ct. App. Feb. 15, 2022). |
|    |                                                                                                                                                                                 |                          | As discussed at the pretrial conference, the Court will allow Plaintiff to ask one question that raises a specific amount that Plaintiff believes will be proven by the evidence in this case. |
| 21 | Exclude testimony or arguments about the retention of counsel or the size of defense counsels' law firms                                                                         | Granted                  | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 22 | Exclude "hometown" arguments                                                                                                                                                    | Granted                  | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 23 | Exclude specific evidence that is irrelevant or that contains hearsay and unduly cumulative evidence (Ex. Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31) | Reserved                 | The Court reserves ruling on this motion until after the Parties have submitted their proposed exhibits. However, the Court points the parties to her procedure for disputed exhibits in the Court's Trial Procedures for All Civil Cases, Section I.D.2. |
|    |                                                                                                                                                                                 |                          | The Court also notes that as a general matter, written reports of experts are generally considered hearsay and will likely be considered largely cumulative of the expert's trial testimony *See Hunt v. City of Portland*, 599 F. App'x 620, 621 (9th Cir. 2013) ("[w]ith respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies … and the written report was largely cumulative of the expert's trial testimony"). |
| 24 | Exclusion of fact that Defendant's expert                                                                                                                                       | Granted in part /        | Defendant seeks to exclude the fact that his expert witness, Michael Hatzakis, performs |

ORDER ON MOTIONS IN LIMINE - 17

| | | | |
|---|---|---|---|
| | witness works for insurance companies | Denied in part | forensic work for insurance companies. Dkt. No. 40 at 20. Plaintiff represents that she does not intend to offer evidence that an insurance company retained Dr. Hatzakis in this matter. Dkt. No. 48 at 15. The motion is therefore stipulated and granted to that extent. |
| | | | However, other inquiry into Dr. Hatzakis's former work as an expert witness for insurance companies may be relevant to, for example, show a witness's bias or prejudice. *See* Fed. R. Evid. 411. Accordingly, such inquiry will be permitted. |
| 25 | Prohibit voir dire questioning regarding insurance companies | Denied as moot | Defendant seeks to prohibit Plaintiff from asking questions in voir dire regarding jurors' experiences with insurance companies. Dkt. No. 40 at 20. This is not a proper motion *in limine*, but an objection to potential questioning on voir dire. |
| | | | Again, the Court appreciates Defendant raising an issue in advance to avoid potentially prejudicing a jury pool and to expedite the voir dire process. |
| | | | Further, prospective jurors' experiences with insurance will likely be relevant to this case, as the Parties' agreed voir dire questions indicate. *See* Dkt. No. 44 at 2. Accordingly, the parties will be permitted to ask prospective jurors questions about their own experiences with insurance companies. |
| | | | For the reasons discussed at the pretrial conference, this motion is denied as moot. |
| 26 | Exclusion of Defendant's driving record | Granted / Reserved | Defendant requests that Plaintiff be precluded from "making any mention [of] defendant's driving experience and/or record which should include but not be limited to any moving traffic violations and any prior or subsequent car collisions that may have involved the defendant." Dkt. No. 40 at 20. Plaintiff represents that she "does not intend to introduce any evidence of Defendant's driving record, except for the purpose of impeachment during Defendant's |

| | | | testimony." Dkt. No. 48 at 16. The motion is therefore stipulated and granted to that extent. |
|---|---|---|---|
| | | | The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |
| 27 | Exclusion of Plaintiff's testimony regarding the severity of the impact | Granted in part / Denied in part | Defendant seeks to exclude "any testimony by Plaintiff on impact severity, vehicle speed or any other testimony outside of her expertise." Dkt. No. 40 at 20. While Plaintiff's testimony as a lay witness will be limited by Federal Rule of Evidence 701. However, Plaintiff will be permitted to testify as to her personal perception of the accident, including her perception of the impact or other aspects of which she has personal knowledge. However, Plaintiff will not be permitted to testify to aspects of the accident which would require technical or specialized knowledge—such as, for example, an estimate of vehicle speeds. |
| | | | The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |
| 28 | Prohibition on requests or demands for production or stipulation in the presence of the jury | Granted | Defendant requests that Plaintiff be prohibited from requesting documents or other evidence be produced by Defendant or that Defendant make any stipulations in front of the jury. The Parties have already agreed not to reference discovery disputes in front of the jury. *See supra* Plaintiff's #2; Defendant's #7. |
| | | | Neither Party will be permitted to request productions or stipulations before the jury. Such requests may be made at sidebar or during a recess. |
| 29 | Exclusion of statements by counsel about verdicts in other cases | Granted | Stipulated and applied to all Parties. *See* Dkt. Nos. 41, 48. |
| 30 | Exclusion of testimony or other evidence | Reserved | Defendant requests that Plaintiff, her counsel, and her witnesses should be |

| | | |
|---|---|---|
| characterizing Dr. Hatzakis as a "defense doctor" | | "precluded from characterizing Dr. Hatzakis as a 'defense doctor' or 'defense physician.'" Dkt. No. 40 at 21. However, the Court lacks the context to make a ruling before trial on the relevance and risks of such testimony and will make a case-by-case determination during trial, if raised. |

## IV.   CONCLUSION

Accordingly, the Parties' motions *in limine* (Dkt. Nos. 38, 40) are GRANTED in part, DENIED in part, and RESERVED in part, as set forth in this order.

For the avoidance of doubt, the Court has reserved ruling on a number of motions *in limine*, largely due to the lack of context that would allow for a determination. Failure of a party to raise such motions again during trial for a ruling will result in the motion being deemed denied as abandoned and moot.

Dated this 23rd day of May 2025.

Tana Lin
United States District Judge